IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | |
|---|---|
| DAVID H. ROBERTSON,       ) | |
|     Plaintiff,       ) | |
|        ) | |
| v.       ) | Civil Action No. 4:13-cv-00065 |
|        ) | |
| SOCIAL SECURITY       ) | |
| ADMINISTRATION,       ) | By:    Joel C. Hoppe |
|     Defendant.       ) | United States Magistrate Judge |

**REPORT AND RECOMMENDATION**

Plaintiff David H. Robertson asks this Court to review the Commissioner of Social Security's ("Commissioner") final decision denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. (*See* ECF No. 3.) This Court has authority to decide Robertson's case under 42 U.S.C. § 405(g), and his case is before me by referral under 28 U.S.C. § 636(b)(1)(B) (ECF No. 11). I recommend that this Court dismiss Robertson's action without prejudice because he has failed to prosecute his case.

I. Procedural History

Robertson filed for Disability Insurance Benefits on April 18, 2011, alleging disability beginning September 15, 2009. (R. 31.) He said that he could not work anymore because of chronic obstructive pulmonary disease ("COPD"), high blood pressure, and an unidentified heart condition. (*See id.*) At 64 years old, Robertson was "closely approaching retirement age" when he applied for disability benefits. (*Id.*) A state agency twice denied his application. (R. 35, 40.) The state agency medical consultants found that Robertson's impairments did not significantly limit his ability to perform basic work activities on or before December 31, 2009, the date he was last insured for disability benefits. (*See* R. 35, 41.)

1

On August 6, 2012, Robertson appeared *pro se* at an administrative hearing via video feed from Danville, Virginia. (R. 21.) The Administrative Law Judge's ("ALJ") questions focused exclusively on Robertson's condition between September 15 and December 31, 2009. (*See* R. 26–29.) Robertson testified as to his respiratory symptoms and his ability to perform daily activities during those three months.[1] (*See id.*) No one else testified at the hearing. (*See* R. 21, 30.)

In a written decision dated August 15, 2012, the ALJ found that Robertson was not "disabled" because his hypertension, atrial fibrillation, asthma, and COPD did not "significantly limit" his ability to perform basic work-related tasks for 12 consecutive months before December 31, 2009. (R. 10, 13.) The Appeals Council refused to revisit the ALJ's decision. (R. 1.)

Robertson filed his complaint *pro se* in this Court on November 12, 2013. (ECF No. 3.) The Clerk's Office gave Robertson hardcopies of the *Pro Se Handbook* and Local Rule 4 when he filed at the counter. (*See* ECF Staff Note dated Nov. 13, 2013.) The Commissioner filed her answer and the administrative transcript on March 18, 2014. (ECF Nos. 6, 8.) On the same day, this Court directed Robertson to file "a brief addressing why the Commissioner's decision is not supported by substantial evidence or why the decision otherwise should be reversed or the case remanded." W.D. Va. Gen. R. 4(c)(1). (ECF No. 9.) Robertson's brief was due on April 21, 2014. (*See id.*) That deadline passed without any word from Robertson. (*See* ECF No. 10.)

As of May 13, 2014, Robertson had neither filed a brief nor contacted the court regarding the status of his case. (*See* ECF No. 12.) On that date, I *sua sponte* ordered Robertson either to file a brief that complied with the original briefing order and Local Rule 4(c)(1) or to file a document explaining why his case should not be dismissed for failure to prosecute. (*See id.*) I

---

[1] Robertson also testified that he stopped school after "a couple days in the seventh grade" and that he did not know how to read or write. (R. 26; *see also* R. 112, 114.) Hand-written disability forms were completed on Robertson's behalf by Terry Purviance. (*See, e.g.*, R. 116, 124.)

also warned Robertson that his case could be dismissed without further notice if he did not file an "appropriate document" by June 13, 2014. (*Id.*)

The Clerk's Office in Danville received Robertson's four-page response on June 13, 2014. (ECF No. 13.) The documents appeared to be the same CM/ECF documents that the Clerk's Office had mailed to Robertson on May 13, 2014. (*See id.* 1–4.) A handwritten paragraph on the first page read in its entirety:

> Show cause due by 6/13/2014. Original order on March 18, 2014 was for the (plaintiff) David H. Robertson to file by April 21, 2014 a brief addressing why the Commissioner's decision is not supported by substantial evidence, or why decision should otherwise be reversed or case remanded. As of May 13, David has not filed nor contacted court regarding status of his case. Therefore [illegible] ordered by June 13 in place for brief in place w/ original or document explaining why his case should not be dismissed for failure to prosecute. Failure to file an appropriate document by 6/13/14 may result in this action being dismissed w/o further notice.

(*Id.* 1.) This essentially restates the contents of the Order to Show Cause issued on May 13, 2014. (*See* ECF No. 12.) Each of the four pages also contained an incomprehensible collection of scribbled circles, arrows, underlines, and parentheses. (*See* ECF No. 13, 1–4.)

On July 16, 2014, I *sua sponte* convened a telephonic hearing to discuss Robertson's response to the Order to Show Cause. (*See* ECF No. 15.) Robertson appeared *pro se*, and attorney James McTigue appeared on behalf of the Commissioner. (*See id.*) Robertson informed the Court that he cannot read or write. He also said that he would try to hire an attorney. Counsel for the Commissioner did not oppose the Court extending by another 30 days the time within which Robertson must file his brief or other "appropriate document." (ECF No. 16.)

On July 16, 2014, I ordered that on or before August 15, 2014, Robertson must file a brief in accordance with the original briefing order and Local Rule 4(c)(1) or file a document explaining why his case should not be dismissed for failure to prosecute. (*See id.*) I again warned

3

Robertson that his "failure to file a brief or other appropriate document by August 15, 2014, may result in this action being dismissed without further notice." (*Id.*) August 15 passed without any word from Robertson. As of August 21, 2014, Robertson still had not filed an appropriate document, and an attorney had not entered an appearance on his behalf. I am satisfied that Robertson has now had a full and fair opportunity to keep his case on this Court's active docket.

II. Discussion

This Court has authority to permanently "clear its calendar of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1963). In determining whether to recommend dismissal with prejudice for failure to prosecute, I must consider: (1) the degree to which Robertson is personally responsible for this delay; (2) the amount of prejudice this delay has caused the Commissioner; (3) whether Robertson has a "drawn out history of deliberately proceeding in a dilatory fashion"; and (4) whether there are sanctions less drastic than dismissal with prejudice. *Herbert v. Saffell*, 887 F.2d 267, 270 (4th Cir. 1989). These factors "are not a rigid four-prong test. Rather, the propriety of a dismissal . . . depends on the particular circumstances" in Robertson's case. *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989).

As a *pro se* plaintiff, Robertson is personally responsible for this delay. *See Mitter v. Soc. Sec. Admin.*, No. 4:13-cv-21, 2014 WL 2442241, at *2 (W.D. Va. May 30, 2014) (Kiser, J.); *Silvious v. RR Donnelley & Sons*, No. 5:10-cv-00116, 2011 WL 3846775, at *3 (W.D. Va. Aug. 29, 2011). *Pro se* litigants are of course entitled to some leeway in our courts. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers."). But *pro se* status alone does not excuse Robertson's failure to comply with this Court's orders or procedural rules.

4

*See Hasan v. Fairfax Cnty. Sch. Bd.*, 405 Fed. App'x 793, 794 (4th Cir. 2010); *Mitter*, 2014 WL 2442241, at *2.

I understand that Robertson cannot read or write, and an attorney has not entered an appearance on his behalf. The Court, however, cannot pass judgment on the Commissioner's decision unless Robertson first files a document explaining why the decision is not supported by substantial evidence, why the decision should otherwise be reversed, or why the case should be remanded. *See* W.D. Va. Gen. R. 4(c) (providing that the plaintiff *must* file a brief addressing these issues, while the Commissioner *may* file a brief in response); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that, while courts must liberally construe *pro se* pleadings, they are not required "to conjure up questions never squarely presented to them," lest they transform from their "legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party"). Thus, Robertson's personal (as opposed to a third party's) role in this delay weighs in favor of dismissing his complaint.[2]

Robertson also has a "history of deliberately proceeding in a dilatory fashion" in this Court. *Herbert*, 877 F.2d at 270. On March 18, 2014, the court ordered Robertson to file his brief by April 21, 2014. (ECF No. 9.) Robertson failed to respond to that Order, and he failed to respond to the May 13, 2014, order to show cause or to file a brief after I extended the original briefing deadline by almost 60 days. (*See* ECF No. 12.) Indeed, he barely made the June 13, 2014, deadline to file *any* "appropriate document" by filing what appear to be notes and markings on a printout of his case's docket sheet. (*See* ECF No. 13.) Robertson did not attempt to explain why this Court should keep his case open. Although Robertson appeared as directed at

---

[2] I do not find that the Commissioner has suffered any significant prejudice from this delay. *See Mitter*, 2014 WL 2442241, at *5 n.2, *adopted by* 2014 WL 2442241, at *1–2.

5
Case 4:13-cv-00065-JLK-JCH   Document 18   Filed 08/21/14   Page 5 of 7   Pageid#: 370

the July 16, 2014, telephonic hearing, he missed this Court's second extended deadline to file a brief or to otherwise explain in writing why his case should not be dismissed.

Finally, sanctions less drastic than dismissal with prejudice are available in Robertson's case. *See Herbert*, 877 F.2d at 270. Dismissal with prejudice is a "harsh sanction" reserved for cases in which a party's noncompliance "represents [a] bad faith and callous disregard" for the Court's authority. *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990). I do not find that Robertson has shown a "bad faith and callous disregard" for this Court's authority. *Id.* At his administrative hearing, Robertson testified that he has a sixth-grade education and did not know how to read or write. (R. 26.) It also appears that Robertson did not complete any hand-written disability forms on his own behalf. (*See, e.g.*, R. 116, 124.) On July 16, 2014, Robertson informed the Court that he cannot read or write, but that he understood the rules and would try to retain an attorney in this case. Robertson's demeanor, limited education, and *pro se* status weigh heavily in favor of dismissing his case *without* prejudice.

### III. Conclusion

This Court may dismiss a plaintiff's complaint when he fails to comply with the Court's rules or scheduling orders. This Court has given Robertson nearly 160 days to file a brief and more than 90 days to explain why his case should not be dismissed for failure to prosecute. He has done neither. The court also clearly warned Robertson—verbally and twice in writing—that his case might be dismissed without further notice if he did not act promptly.

I am sympathetic to the reason for Robertson's apparent inability to prosecute his case *pro se*. If he needed assistance prosecuting his case, it was, however, incumbent upon him to hire an attorney. Although Robertson said on July 16 that he would try to find an attorney to draft and file a brief, an attorney has not entered an appearance on his behalf, and Robertson missed the

6
Case 4:13-cv-00065-JLK-JCH   Document 18   Filed 08/21/14   Page 6 of 7   Pageid#: 371

Court's August 15 deadline to file his brief or other appropriate document. Robertson has been given multiple chances, but he has not taken the necessary steps to prosecute his case. Therefore, I **RECOMMEND** that this Court **DISMISS without prejudice** Robertson's complaint (ECF No. 3), and strike this case from the active docket.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to Robertson and to all counsel of record.

ENTER: August 21, 2014

Joel C. Hoppe
United States Magistrate Judge